UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID WELSH,

          Plaintiff,

-vs-                                                        Case No.   2:10-cv-582-FtM-SPC

NEWMAN INTERNATIONAL TRANSPORT,
INC.,

          Defendant.
_____

## ORDER

This matter comes before the Court on Defendant's Motion to Strike David Welsh as an Expert Witness and to Preclude Testimony of David Welsh (Doc. # 64) filed on October 21, 2011. In response, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Strike David Welsh as an Expert Witness and to Preclude Testimony of David Welsh (Doc. # 72) on October 27, 2011. Prior to the filing of Defendant's Motion to Strike (Doc. # 64), Plaintiff and Defendants both filed their Motion(s) in Limine (Doc. # 55 and # 56, respectively) on September 26, 2011. Subsequently, Defendant filed its Opposition to Plaintiff's Motion in Limine (Doc. # 65) on October 21, 2011. Plaintiff did not file a response to Defendant's Motion in Limine. These Motions are now ripe for review.

## FACTS

This case concerns a dispute over reimbursement for damage to private property – namely two vehicles – sustained while being transported in interstate commerce. In January 2010, Plaintiff David Welsh hired Defendant Newman International Transport to transport two classically

restored vehicles, a 1969 Ford Mustang and a 1970 Dodge Challenger, to automobile auctions in Arizona from Alva, Florida. (Pl. Am. Compl. ¶¶ 7, 12). Defendant issued Plaintiff Bills of Lading for the transport of the vehicles. (Pl. Am. Compl. ¶¶ 8, 13). The two vehicles were damaged in transit, Pl. Am. Compl. ¶ 24, and were shipped back to Florida for repair by Plaintiff. (Pl. Am. Compl. ¶ 26).

On February 2, 2010, Plaintiff sent Defendant correspondence notifying it of a claim. (Doc. # 43-3, Pl. Ex. C). In the letter, Defendant requested "prompt payment for repairs as well as [reimbursement] for money spent to be at auctions." (Doc. # 43-3, Pl. Ex. C). The letter spelled out requests and justifications for $6,113.00, and indicated that Plaintiff expected the cars to sell for "75-100,000 [dollars] each" at auction. (Doc. # 43-3, Pl. Ex. C). During a phone conversation on February 26, 2010, Plaintiff and Defendant's insurer negotiated a settlement amount of $14,191.00, and a check was issued to Plaintiff for that amount, with "settlement for 69 Mustang & 1970 Challenger" printed on the back. (Doc. # 43-6, Pl. Ex. F). The Plaintiff subsequently deposited the check, after endorsing it and adding the word "repairs," to read "settlement for 69 Mustang & 1970 Challenger *repairs*" under his signature. (Doc. # 43-6, Pl. Ex. F) (emphasis added).

On March 1, 2010, Plaintiff sent Defendant a letter which indicates that Plaintiff did not consider his claim settled and which threatened legal action. (Doc. # 43-4, Pl. Ex. D). On March 2, Defendant's insurer sent a proposed Release which would have released all claims against the Defendant, whether for repairs or diminution in value damages. Plaintiff did not sign this Release. (Doc. # 43-5, Pl. Ex. E).

The cars were both eventually sold at auction in Palm Beach, Florida, on April 3, 2010. (Doc. # 43-1, Pl. Ex. A). At auction, the Mustang sold for $51,700, and the Challenger sold for $68,200.00. (Doc. # 37-1, Def. Ex. A). Plaintiff received less than he desired for each vehicle, and brought a claim seeking to recover the amount he thought the vehicles would have sold for at the no reserve auction. Plaintiff seeks general damages for the alleged "diminution in value" of the two vehicles in an amount of approximately $99,000.00. (Doc. # 37 at 4).

## DISCUSSION

*Defendant's Motion to Strike David Welsh as an Expert Witness
and to Preclude Testimony of David Welsh (Doc. # 64)*

In support of his claim for damages resulting from diminution in value, Plaintiff seeks to introduce himself as an expert witness at trial. Defendant objects, on the basis that expert witness disclosure was untimely, unjustified, and will cause severe prejudice. In its Motion to Strike (Doc. # 64), Defendant moves this Court to strike Plaintiff Welsh as an expert witness for "Plaintiff's failure to (1) timely identify Mr. Welsh as an expert witness, and (2) to disclose the opinions and basis for his testimony" in violation of Fed. R. Civ. P. 26(a)(2). As grounds, Defendant states that "Plaintiff's untimely and inadequate disclos[ure] of David Welsh as an intended expert witness has no justification and severely prejudices Defendant." Defendant further states that Plaintiff "failed to meet the barest requirement that the opinions and the basis for the opinions be disclosed."

In response, Plaintiff filed its Memorandum of Law in Opposition to Defendant's Motion to Strike (Doc. # 72) and stated that he has no objection "[t]o the extent that Defendant's Motion seeks to exclude Mr. Welsh from testifying as an expert witness based on his late disclosure."[1] However, Plaintiff claims that he is entitled to testify as to the value of the subject vehicles in this

---

[1] Plaintiff served his amended expert witness disclosure on October 6, 2011, well after the April 1, 2011 deadline as outlined in the Case Management and Scheduling Order (Doc. # 21).

lawsuit, whether he is qualified as an expert or not. Accordingly, as the Plaintiff has already conceded to Defendant's claim that disclosure of expert witnesses was untimely under Fed. R. Civ. P. 26(a)(2), the Court will address Plaintiff's second contention concerning Mr. Welsh's right to testify on the value of the subject vehicles at trial.

It is well settled law, that an owner of property is qualified to render an opinion as to the value of that property at trial. Berkshire Mut. Ins. Co. v. Moffett, 378 F.2d 1007, 1011 (5th Cir. 1967); Gregg v. U.S. Indus. Inc., 877 F.2d 1462, 1469 (11th Cir. 1989); Electro Services, Inc. v. Exide Corp., 847 F.2d 1524, 1526-27 (11th Cir. 1988); Flagstar Bank v. A.M. Hochstadt, 2010 WL 5476733 at *5 n. 5 (S.D. Fla. Dec. 30, 2010); Caten v. Salt City Movers & Storage Co., Inc., 149 F.2d 428, 433 (2d Cir. 1945); Brooks Transp. Co. v. McCutcheon, 154 F.2d 841, 843 (D.C. Cir. 1946). It is equally well settled that the owner of the property need not be qualified as an expert to render an opinion as to the value of his/her personal property. See Caten, 149 F.2d at 433 (holding that in an interstate transport damage case, testimony by the property owners regarding the value of their personal property was admissible and said owners did not need to be qualified as experts to render the opinion). Courts have also held, "[t]he general test that anyone familiar with the values of personal property in question may testify, is liberally applied…[t]he owner of an article, whether he is generally familiar with such values or not, must certainly to be allowed to estimate its worth; the weight of his testimony…may be left to the jury." Barrett v. Fournial, 21 F.2d 298 (2d Cir. 1927).

The Court finds in accordance with the above cited case law that Plaintiff, as the previous owner of the two subject vehicles, is entitled to render his opinion at trial as to the value of the two subject vehicles. Furthermore, Plaintiff need not be qualified as an expert in order to render his

opinion as to the value of the property. In applying the test liberally, the Court finds that Plaintiff may give his testimony as a lay witness concerning the value of the vehicles. Thus, the Court will grant the Defendant's Motion to Strike (Doc. # 64) insofar as Plaintiff's disclosure of expert witnesses was untimely. However, the Court will deny the Defendant's Motion to Strike as to Plaintiff's testimony regarding the value of the subject vehicles, and allow Mr. Welsh to testify and opine as a lay witness at trial.

*Plaintiff's Motion in Limine (Doc. # 55)*

In its Motion in Limine (Doc. # 55), Plaintiff moves the court to "exclude Defendant's disclosed expert witnesses from testifying about, remarking on, or introducing any evidence outside the scope of their pretrial Expert Witness Disclosures." In response, Defendant filed its Opposition to Plaintiff's Motion in Limine (Doc. #65) in which it stated, "Defendant does not oppose the relief sought so long as Plaintiff's expert witness is limited to Bruce Shaw, Esq." Additionally, Defendant requests this Court to deny Plaintiff's Motion if the Court permits David Welsh to testify as an expert witness.

The Court has previously addressed that Plaintiff, David Welsh, will be permitted to testify at trial as a lay witness, in regards to the value of the property, rather than an expert. Thus, Plaintiff's expert witness is limited to Bruce Shaw, Esq., and accordingly, the Court finds that because Defendant does not oppose the relief sought in its Opposition with regard to Bruce Shaw, Esq., Plaintiff's Motion in Limine will be granted. Additionally, both parties are obliged to abide by the rules governing expert witness disclosures, requiring all expert witnesses to remain within the scope of their respective pretrial reports.

*Defendant's Motion in Limine (Doc. # 56)*

In Defendant's Motion in Limine (Doc. # 56), it moves the Court to prohibit (1) any party, any party's counsel, and all witnesses from making reference, whether by direct evidence or testimony, questioning, or argument, as to Newman's liability insurance coverage, (2) prohibit David Welsh and Lorne Welsh from providing any opinion testimony, and (3) direct Bruce Shaw not to provide any opinions not disclosed in his expert witness report.

Defendant cites to the Fed. R. Evid. 411, which precludes the introduction of evidence of insurance. Defendant also references Fed. R. Evid. 701, which prohibits a lay witness from providing opinion testimony of a scientific, technical or other specialized nature. After conferring with Plaintiff's counsel in accordance with Local Rule 3.01(g), Plaintiff agrees not to object to this Motion with regard to liability insurance or the testimony of Mr. Shaw. However, Plaintiff does object to the Motion with regard to precluding the opinion testimony of David and Lorne Welsh.

As stated above in the Court's ruling on Defendant's Motion to Strike, Plaintiff David Welsh will be allowed to testify as a lay witness in this preceding, because as the former owner of the property, he need not be qualified as an expert to render testimony as to the value of the subject vehicles. See Caten, 149 F.2d at 433. As the Court has been provided with no indication as to what Lorne Welsh will testify to at trial, the Court can make no determination at this time as to the scope of testimony that will be allowed at trial.

Therefore, the Court finds cause to grant in part and deny in part Defendant's Motion in Limine (Doc. # 56). The Motion is granted to the extent that the parties are not to make reference as to Newman's liability insurance and expert Shaw must testify to opinions disclosed in his expert report. The Motion is denied to the extent that Plaintiff, David Welsh, may provide testimony

regarding the value of the subject vehicles.  The Court reserves ruling on the Motion with regard to the testimony of Lorne Welsh.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Strike David Welsh as an Expert Witness and to Preclude Testimony of David Welsh (Doc. # 64) is **GRANTED** in part and **DENIED** in part.

   a. The Motion to strike is **GRANTED** insofar as Plaintiff's disclosure of expert witnesses was untimely.

   b. The Court **DENIES** the Defendant's Motion to Strike as to Plaintiff's testimony regarding the value of the subject vehicles, and the Court allow Mr. Welsh to testify and opine as a lay witness at trial.

(2) Plaintiff's Motion in Limine (Doc. # 55) is **GRANTED**.

(3) Defendant's Motion in Limine (Doc. # 56) is **GRANTED** in part and **DENIED** in part.

   a. The Motion is **GRANTED** to the extent that the parties are not to make referencs to Newman's liability insurance.  Shaw must testify to opinions disclosed in his expert report.

   b. The Motion is **DENIED** to the extent that Plaintiff, David Welsh, may provide testimony regarding the value of the subject vehicles.

   c. The Court **RESERVES RULING** on the Motion with regard to the testimony of Lorne Welsh.

Welsh v. Newman 10-cv-582

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of November, 2011.

                                                SHERI POLSTER CHAPPELL
                                                UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record